BAPTIST MEMORIAL HOSPITAL SYS-
TEM, Robert L.M. Hillard, M.D., and
Robert A. Westbrook, M.D., Petitioners,

v.

Anna ARREDONDO, Individually and on
Behalf of the Estate of Alexander
Trent Arredondo, Respondent.

No. 95–0861.

Supreme Court of Texas.

Feb. 9, 1996.

Rehearing Overruled June 14, 1996.

Ruth Greenfield Malinas, San Antonio,
Linda C. Breck, Thomas F. Nye, Corpus
Christi, Bruce E. Anderson, Clem Lyons,
Irene Rios (Alarcon), San Antonio, for peti-
tioners.

Peter J. Balega, Sean F. O'Neill and
Thomas G. Kemmy, San Antonio, for respon-
dent.

PER CURIAM.

In this wrongful death action, Anna Arre-
dondo alleges that Doctors Robert L.M. Hil-
liard and Robert A. Westbrook, together
with Baptist Memorial Hospital System, neg-
ligently treated her newborn son, causing his
death. We hold that limitations bars her
wrongful death claim.

On July 17, 1991, Anna Arredondo gave
birth to Alexander Arredondo at Baptist Me-
morial Hospital. Less than four hours after
delivery, the Hospital transferred Alexander

to Medical Center Hospital, where he died on July 19, 1991.

On July 19, 1993, Anna Arredondo filed wrongful death and survival actions. The trial court found the statute of limitations barred Arredondo's wrongful death action and granted summary judgment for the doctors and the Hospital. The trial court severed the wrongful death action from the survival action, reserving the latter for trial. A divided court of appeals reversed and remanded. 904 S.W.2d 754.

The doctors and Hospital argue that the court of appeals incorrectly applied section 10.01's tolling provision for minors to an adult beneficiary's wrongful death claim. SEE TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon 1986). According to the doctors and the Hospital, limitations began to run on July 17, 1991 when the alleged negligence occurred. We agree.

■ Our recent decision in *Bala v. Maxwell*, 909 S.W.2d 889 (Tex.1995)[1], clarifies the conflict in the courts of appeals about which limitations statute should apply in wrongful death actions based on medical malpractice. Generally, wrongful death claims are subject to a two-year statute of limitations period that begins on the date of death. SEE TEX.CIV.PRAC. & REM.CODE § 16.003(b). However, in *Bala*, we concluded that when a wrongful death action is based on medical malpractice, the Medical Liability and Insurance Improvement Act controls. See TEX. REV.CIV.STAT.ANN. art. 4590i, § 10.01; *Bala*, 909 S.W.2d at 892–93. Section 10.01 provides that health care liability claims must be filed within two years from the alleged negligent act. TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01. Therefore, *the statute of limitations expires at the same time it would for the decedent*, two years after the alleged negligence occurred. *Bala*, 909 S.W.2d at 893.

■ The court of appeals correctly held that section 10.01 controls. 904 S.W.2d at 758. However, it incorrectly applied section 10.01's tolling provision for minors to an

adult beneficiary's wrongful death claim. 904 S.W.2d at 760–61. Section 10.01 states that "minors, under the age of twelve years shall have until their fourteenth birthday in which to file, or have filed on their behalf, the claim."[2] art. 4590i, § 10.01. This provision tolls a claim's accrual only when it is filed by a minor or on a minor's behalf. A statutory beneficiary files a wrongful death action to recover her own damages based on a minor's death. *See Landers v. B.F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex.1963). Therefore, the tolling provision of section 10.01 that applies to a minor does not apply to an adult's wrongful death claims. Absent section 10.01's tolling proviso, Arredondo's action accrued on July 17, 1991, the date of Alexander's treatment. Accordingly, section 10.01 barred her claim before she filed suit on July 19, 1993.

Arredondo argues that section 10.01 is unconstitutional as applied under article I, sections 13 and 19 of the Texas Constitution. The court of appeals agreed, holding that "the two-year statute of limitations, if strictly applied, would unreasonably restrict *Alexander's* cognizable cause of action for medical malpractice." 904 S.W.2d at 759 (emphasis added). Once again, the court of appeals confused Anna's wrongful death action with her survival action for Alexander's medical malpractice claim still pending in the trial court.

■ To establish an open courts violation, a plaintiff must satisfy a two-part test. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex.1990). First, she must prove that she has a well-recognized common law cause of action. *Moreno*, 787 S.W.2d at 355. Second, she must show that the restriction on her claim is unreasonable when balanced against the statute's purpose. *Moreno*, 787 S.W.2d at 355. At common law, a deceased's heirs did not have an action for their own losses. *Kramer v. Lewisville Memorial Hosp.*, 858 S.W.2d 397, 403 (Tex.1993). This type of action is now permitted solely by statute. SEE TEX.CIV.PRAC. & REM.CODE

---

1. We recognize that the court of appeals did not have the benefit of our opinion in *Bala v. Maxwell*, 909 S.W.2d 889 (Tex.1995), when it issued its opinion in this case.

2. *But see Weiner v. Wasson*, 900 S.W.2d 316 (Tex.1995) (holding proviso unconstitutional as applied to minors and extending limitations period until minor's twentieth birthday).

§§ 71.002, 71.004, 71.021. Because Arredondo's claim is purely statutory, she cannot satisfy the first prong of this test. Therefore, the open courts provision does not save her wrongful death action.

Similarly, article I, section 19 is unavailable. In this case, Anna had twenty-three months and twenty-eight days to bring the wrongful death claim. Given these facts and the purposes behind the Medical Liability and Insurance Improvement Act[3], Arredondo's due course of law challenge fails. *See Morrison v. Chan*, 699 S.W.2d 205 (Tex.1985) (holding eighteen months after discovery of a cause of action is a reasonable time to bring suit).

The court of appeals recognized fraudulent concealment may be a defense to the affirmative defense of limitations. 904 S.W.2d at 758. *See Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983) (holding that article 4590i, section 10.01 does not abolish fraudulent concealment as an equitable estoppel to limitations). Yet, the court of appeals found that the summary judgment evidence did not show that the doctors or Hospital had actual knowledge of any wrong or negligence or that they had a fixed purpose to conceal any wrong or negligence. 904 S.W.2d at 759. Therefore, it concluded that Arredondo's fraudulent concealment defense did not toll limitations in this case. 904 S.W.2d at 759. We agree with the court of appeals' reasoning and result on this issue.

Arredondo's wrongful death claim is subject to section 10.01's limitations period. Because she is an adult beneficiary, section 10.01's tolling provision for minors does not apply. The two-year period expired on July 17, 1993. Therefore, Arredondo's wrongful death action was untimely. Accordingly, the Court grants all petitioners' applications for writ of error, and under Texas Rule of Appellate Procedure 170, without hearing oral argument, the Court reverses the judgment of the court of appeals and renders judgment that Arredondo take nothing on the wrongful death claim.

---

3. The statute's purposes include: (1) reducing the excessive severity of health care claims; (2) decreasing the cost of those claims; and (3) making insurance and health care reasonably affordable and more accessible to the public. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 1.02(b).