**Christina Michelle BROWN and Cecil Ted Brown, individually and on behalf of the Estate of Dillon Ray Brown, Deceased, Appellants,**

v.

**Kalman J. SHWARTS, M.D., et al., Appellees.**

**No. 10–95–064–CV.**

Court of Appeals of Texas, Waco.

Aug. 30, 1996.

Rehearing Overruled Oct. 9, 1996.

610

George (Tex) Quesada, Dallas, J. H. Edgar, of counsel, Lubbock, Law Offices of Frank L. Branson, P.C., for appellants.

Deborah G. Hankinson, Greg W. Curry & Allison Roseman, Thompson & Knight, Dallas, Kevin J. Keith, Fowler, Wiles, Norton & Keith, L.L.P., Dallas, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Christina and Cecil Brown appeal an adverse summary judgment in their suit against Dr. Kalman Shwarts and Navarro Memorial Hospital for the wrongful death of their son, Dillon. The Browns brought the action because of alleged medical negligence that occurred on December 4, 1991, prior to Dillon's birth. Dillon was born on December 8, 1991 and died on December 9, 1991. On December 1, 1993, the Browns sent a statutory notice-letter which tolled the applicable two-year period of limitations for seventy-five days. TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(c) (Vernon Supp.1996) ("Notice as given provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice. . . ."). Unable to reach a settlement, the Browns filed suit on February 18, 1994. The court granted summary judgment to the defendants, concluding that the two-year pe-riod of limitations for the Browns' wrongful death action had expired on February 17, 1994. *Id.* § 10.01 (Vernon Supp.1996).

## STANDARD OF REVIEW

■ In reviewing the summary judgment, we must determine whether the appellees, Dr. Shwarts and Navarro Memorial Hospital, met their burden by establishing as a matter of law that no genuine issue of material fact exists. *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989). In deciding whether a genuine issue of material fact exists, we must accept all evidence favorable to the Browns as true, indulging every reasonable inference and resolving all doubts in their favor. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). We will consider evidence which favors the defendants only if it is uncontroverted. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

■ As defendants, Dr. Shwarts and Navarro Memorial Hospital had the burden of proving their entitlement to the summary judgment as a matter of law by either: 1) conclusively negating one of the essential elements of each of the Browns' claims; or 2) pleading and conclusively establishing each essential element of an affirmative defense. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). Since their motions for summary judgment raised the affirmative defense of limitations, we must determine whether they established that defense as a matter of law. We conclude that they did and will affirm the judgment.

## ANALYSIS

The Browns complain in two points of error that limitations did not bar their wrongful-death claims for any one of three reasons: first, because the court applied the wrong limitations statute; second, even if the court applied the correct statute, it nevertheless erred in calculating the time within which the

Browns were required to file suit; and third, again assuming the court applied the correct statute of limitations, the "continuous course of treatment" doctrine applied.

WRONG STATUTE

The Browns first complain that the court erred by applying the wrong statute of limitations. They contend that, had the court measured their time to file under section 16.003(b) of the Civil Practice and Remedies Code instead of section 10.01 of article 4590i of the Revised Civil Statutes, their petition would have been timely. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986); TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01.

Section 16.003(b) provides:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues *on the death* of the injured person.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (emphasis added). Under this section, measuring the time to file from the date of Dillon's death, the last date upon which the Browns' petition would have been timely was February 22, 1994 (December 9, 1991, plus two years, plus seventy-five days for tolling under article 4590i, section 4.01(c)).

Section 10.01 provides:

Notwithstanding any other *law,* no health care liability claim may be commenced unless the action is filed within two years *from the occurrence of the breach or tort* or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (emphasis added). Under this section, measuring the time to file from the date the alleged negligence occurred, the last date upon which the Browns' petition would have been timely was February 17, 1994 (December 4, 1991, plus two years, plus seventy-five days for tolling under article 4590i, section 4.01(c)).

The Texas Supreme Court has definitively stated that, in wrongful death actions based on medical malpractice, section 10.01 is *the* controlling limitations statute. *Baptist Memorial Hosp. Sys. v. Arredondo,* 922 S.W.2d 120, 121 (Tex.1996); *Bala v. Maxwell,* 909 S.W.2d 889, 892–93 (Tex.1995). Thus, the Browns' first argument is without merit.

INCORRECT CALCULATION

The Browns next argue that, even if section 10.01 does apply, the court erred in calculating the limitations period by using December 4, 1991 as the starting date. According to the Browns, an action for a child's wrongful death will not lie until that child is born, and since Dillon was not born until December 8, the limitations period did not start to run until then. This reasoning ignores the clear language of section 10.01, which applies to all health care liability claims "[*n* ]*otwithstanding any other law.*" TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01.

Contrary to the Browns' assertion, section 10.01 dictates that no health care liability claim may be commenced unless the action is filed within two years of one of only three events: "(i) the date the breach or tort occurred; (ii) the date the treatment that is the subject of the claim is completed; or (iii) the date the hospitalization for which the claim is made is completed." *Chambers v. Conaway,* 883 S.W.2d 156, 158 (Tex.1993); TEX.REV.CIV. STAT. Ann. art. 4590i, § 10.01. By including a specific description of these starting dates, the Legislature unequivocally expressed its intent that all health care liability claims are subject to an absolute two-year limitations period. *State v. Thirteenth Court of Appeals,* 39 Tex. Sup. Ct. J. 1113, 1115, —— S.W.2d ——, ——, 1996 WL 531043 (Sept. 19, 1996) (orig. proceeding).

In view of the Legislature's directive that section 10.01 be applied "notwithstanding any other law," the statute must be strictly applied. The only instance in which the statute has not been strictly applied can be found in *Weiner v. Wasson,* 900 S.W.2d 316 (Tex.1995). In *Weiner,* the

Court held that the statute of limitations in section 10.01 is unconstitutional when applied to a minor's malpractice claim because it violates the "open courts" provision of the Texas Constitution. *Id.* at 319; TEX. CONST. art. I, § 13. Because the statute is invalid as applied to minors, the Court applied the general tolling and limitations provisions of sections 16.001 and 16.003 of the Texas Civil Practice and Remedies Code to the claim before it. TEX. CIV. PRAC. & REM.CODE ANN. §§ 16.001, 16.003 (Vernon 1986 & Supp.1996); *Weiner*, 900 S.W.2d at 321. Taken together, sections 16.001 and 16.003 require a minor to file a claim before reaching age twenty for personal injuries sustained during the period of minority. *Id.* This ruling does not, however, aid the Browns; "the tolling provision of section 10.01 that applies to a minor does not apply to an adult's wrongful death claims." *Arredondo*, 922 S.W.2d at 121.

 If we were to calculate the limitations period for wrongful death actions based on medical malpractice from the date of death, "th[e] result would be the antithesis of the legislative purpose in enacting the Medical Liability and Insurance Improvement Act to alleviate a perceived medical malpractice insurance crisis, a part of which was the adoption of the absolute two-year limitations period." *Bala*, 909 S.W.2d at 892 (quoting *Shidaker v. Winsett*, 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ denied)). We do not discount the possible inequities of such an "absolute" limitations period. In *Arredondo*, a case in which a child was injured at birth and died two days later, the Supreme Court recognized that the mother only had twenty-three months and twenty-eight days to bring her wrongful death claim. 922 S.W.2d at 122. Accordingly, if a child was injured at birth and, as a result, died over two years later, the two-year statute of limitations under section 10.01 could expire before the parents had an opportunity to bring a wrongful death cause of action. A wrongful death plaintiff suing on a medical negligence theory therefore does not necessarily have two full years from the time of death to bring a lawsuit. Rather, the statute of limitations expires at the same time it would have for the decedent, two years after the alleged negligence occurred.

*Bala*, 909 S.W.2d at 893. Despite such possible inequity, we are bound to uphold the trial court's strict application of the duly-enacted legislative pronouncement. Thus, the Browns' second argument is without merit.

CONTINUING COURSE OF TREATMENT

 Finally, the Browns argue that, even if section 10.01 does apply, the court erred in calculating the limitations period by using December 4, 1991 as the starting date because the "appellees commenced a continuous course of treatment" which lasted through December 9, 1991.

According to the record, Christina Brown presented herself to the Navarro Memorial Hospital emergency room on December 4, 1991. Christina, who was pregnant, complained that she was "feeling nauseous, had a continuing headache, coughing, and had been experiencing wetness in [her] pants." Dr. Shwarts, the emergency room physician who examined her, took a sonogram of her gallbladder and ordered a hepatitis test. Dr. Shwarts attributed the wetness to normal pressure on her bladder. Upon her discharge the same day, he instructed Christina to call the emergency room for the results of the hepatitis test on December 9. He further directed her to follow up with her own doctor within seven days but, if her cough worsened, to return to the emergency room. The lab results of the hepatitis test were returned on December 6.

Christina returned to the emergency room on December 8. She told Dr. Anthony Magalski "the same complaints [she] had reported on the 4th," and also complained of "pain in [her] buttocks and hips." Dr. Magalski examined her and determined that she was in active labor.[1] She gave birth to her son, Dillon, who died the following day of streptococcal sepsis and premature birth due to the rupture of his mother's amniotic membrane. Dr. Shwarts' alleged failure to diagnose this ruptured membrane is the basis for the

---

1. The Browns do not claim any negligence on the part of Dr. Magalski.

Browns' medical negligence claim against him.

The Browns contend that the pending return of the hepatitis lab results constituted a continuous course of treatment which delayed the starting date of the limitations period until at least December 6, 1991, "the earliest possible date that Dr. Shwarts' treatment could arguably be completed." We disagree.

 As indicated above, an action for medical malpractice must be brought within two years of one of three dates: (1) the occurrence of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01; *see also Rowntree v. Hunsucker*, 833 S.W.2d 103, 104 (Tex. 1992). A plaintiff is not free to simply pick which of the three dates he would like to start the running of the limitations period on his action. *Bala*, 909 S.W.2d at 891. "If the injury results from a negligent course of treatment, rather than a specific instance of negligence, the limitations period begins on the last date of treatment. However, when the precise date of the breach or tort is ascertainable, the limitations period begins on that date." *Id.* (citing *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987)).

Dr. Shwarts administered emergency medical care to Christina on one occasion with instructions to call for lab results and to follow up with her own doctor within seven days. The pending lab results were inconsequential to the Browns' claim that Dr. Shwarts failed to diagnose Christina's ruptured amniotic membrane. Thus, any failure by Dr. Shwarts to perform proper examinations to discover the problem necessarily occurred on Christina's December 4 visit to the emergency room. When the alleged negligence occurs at a discrete and specific time that is readily ascertainable, the limitations period will begin to run on that date. *Bala*, 909 S.W.2d at 891; *Rowntree*, 833 S.W.2d at 105; *Kimball*, 741 S.W.2d at 372. We conclude that, as the Supreme Court has construed the statute, the limitations period began on December 4, 1991. Thus, we must reject the Browns' third argument.

## CONCLUSION

Because the alleged medical negligence occurred exclusively on December 4, 1991, section 10.01 dictates that the period of limitations ran from that date. Consequently, the last date upon which the Browns' petition would have been timely was February 17, 1994 (December 4, 1991, plus two years, plus seventy-five days for tolling under article 4590i, section 4.01(c)). Because the Browns' wrongful death action was not filed until February 18, 1994, section 10.01 bars their claim. We overrule all points and affirm the judgment.