Blas Timmy Market v. State















IN THE
TENTH COURT OF APPEALS
 

Nos. 10-97-134-CR & 10-97-135-CR

     BLAS TIMMY MARKEY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 176th District Court
Harris County, Texas
Trial Court Nos. 733519 &733721
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Cause No. 10-97-134-CR is an appeal by Appellant Markey from his conviction for forgery,
enhanced by two prior felony convictions, for which he was sentenced to 15 years in the
Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $2,500.
      Cause No. 10-97-135-CR is an appeal by Appellant Markey from his conviction for burglary
of a building, enhanced by two prior felony convictions, for which he was sentenced to five years
in the Institutional Division of the Texas Department of Criminal Justice, and assessed a fine of
$6,000.
      The two cases were tried together and there is one reporter’s record.
      On December 15, 1996, Appellant was indicted for forgery. He was found guilty by a jury
on February 21, 1997; the two alleged prior felony conviction were found to be “true,” and
punishment was assessed at 15 years in prison and a $2,500 fine.
      On October 15, 1996, Appellant was also indicted for burglary of a building. The jury found
Appellant guilty on February 21, 1997, found the alleged prior felony convictions to be “true,”
and assessed his punishment at five years in prison and a $6,000 fine. 
      Appellant by new appointed counsel appeals both cases asserting seven points of error.
      Point 1 complains that the trial court did not file findings of fact and conclusions of law
regarding its denial of his motion to suppress his written confession and its voluntariness.
      This court previously abated this appeal for the trial court to enter its written findings and
conclusions, and the trial court has done so.
      Point 1 is moot and is overruled.
      Point 2 contends the trial court erred by not suppressing Appellant’s written statement. 
Specifically, Appellant asserts his statement was involuntary because it was based on Officer
Lynn’s purportedly improper inducement, and because Appellant could not read and write.
      In September 1996, Officer Lynn had been investigating instances of counterfeit metro checks
which had been cashed in convenience stores. His investigation revealed that Appellant was
involved. On September 23, Appellant was arrested pursuant to a warrant by Officer Lynn. 
Immediately after the arrest, Officer Lynn read Appellant his “Miranda” rights. Appellant stated
he was “willing to do anything to keep from going back to TDC.” Lynn asked Appellant, “What
do you want to tell me?” and told Appellant if he gave the police information about his
accomplices, and if he testified, the district attorney might consider his testimony in his
sentencing, but it was up to the district attorney’s office as to what kind of deal it would give him.
      Appellant testified that Officer Lynn “told me it could work in my favor if I told him the truth
and don’t lie,” and I told him “I wasn’t going to lie because I didn’t want to go back to TDC.” 
He stated that Officer Lynn told him “the best thing for me to do is to tell the truth—he just
wanted me to give him information to lead him to the other two suspects.” He further testified
that Officer Lynn never made him any direct promises—just encouraged him to be truthful when
making his statement, and did not promise him anything in return for his statement. The officer
told him he would listen to what he had to say, “but that he could not guarantee Appellant would
not end up in the penitentiary.”
      The trial court overruled Appellant’s motion to suppress his statement.
      On appeal, challenges to a confession’s voluntariness are directed to whether the trial court
abused its discretion. Our review of a trial court’s ruling on a motion to suppress is a de novo
review to determine the legal effect of the evidence. The test is whether, under the totality of the
circumstances, the trial court correctly applied the law to the facts. Guzman v. State, 955 SW.
85, 87; Loserth v. State, 963 S.W.2d 770, 771.
      The trial court found that the officer taking the statement did not directly or indirectly promise
Appellant anything, or otherwise induce him to give his statement. Further, the trial court found
Appellant’s claims that the officer did not read his entire statement back to him were false.
      Appellant’s statement denied any involvement in the forgery case and named two others, Mike
(Davidson) and Gilbert (Gutierrez) who he claimed to be responsible for the forgeries.
      Appellant also testified to all of the information in the statement without objection. A
defendant waives any error relating to improperly admitted evidence if the same evidence is later
introduced by the defendant or by the State without objection. Rogers v. State, 853 S.W.2d 29,
35 (Tex. Crim. App. 1993); Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).
      Point 2 is overruled.
      Point 3 contends the trial court committed fundamental and egregious error by charging the
jury on a theory of forging by possession with intent to pass, not alleged in the indictment. The
indictment charged forgery by making a writing which was forgery. Appellant specifically
contends the State did not prove what it alleged (a forgery by making), and proved what was not
alleged (forgery by passing and/or possession of a forged instrument with intent to pass.)
      The indictment alleged:
that Appellant on or about September 18, 1996, did then and there unlawfully and with intent
to defraud and harm, forge the writing duplicated attached hereto on Exhibit A, which
purported to be a copy of an original when no such original existed, by making it, knowing
it was forged.

      The trial court charged the jury:
Forgery is committed by altering, making, completing, executing, or authenticating any
writing so that it purports to be the act of another who did not authorize the act. Also forgery
is committed by possessing a writing that is forged by altering, making, completing,
executing, or authenticating any writing so that it purports to be the act of another who did
not authorize that act, with intent to utter it in a manner as heretofore specified. 
 
The possession of a forged writing with intent to pass it to another to constitute forgery, must
be done with intent to defraud or harm another.
. . .
Now, if you find from the evidence beyond a reasonable doubt that on or about September 18,
1996, in Harris County, the defendant [Blas Markey], did then and there unlawfully, and with
intent to defraud or harm, forge the writing duplicated attached hereto as Exhibit A, which
purported to be a copy of an original when no such original existed, by making, knowing that
it was forged, then you will find the defendant guilty as charged in the indictment.
 
Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will acquit the defendant and say your verdict “not guilty.” 

(Emphasis added).

      Appellant did not object to the charge. Because he did not object, we must determine if any
error is of a fundamental nature. Almanza v. State, 686 S.W.2d 157, 163 (Tex. Crim. App.
1995). 
      Fundamental error is error so egregious and harmful that an accused has not had a fair and
impartial trial. Id. at 173, 174. In making an egregious harm determination, “the actual degree
of harm must be assayed in light of the entire jury charge, the state of the evidence, the argument
of counsel, and any other relevant information revealed by the record of the trial as a whole.” Id.
      Appellant contends that there was fundamental error because the charge in the abstract
instructions allowed the jury to consider a theory not alleged in the indictment, i.e., possession
with intent to pass a forged instrument.
      However, as set out above, the court in the application paragraph properly applied the law to
the facts as alleged in the indictment. In the court’s application paragraph the jury is
unequivocally directed to only those allegations contained in the indictment. Appellant was not
egregiously harmed by the trial court’s abstract definitions concerning possession.
      Point 3 is overruled.
      Point 4 asserts the evidence legally insufficient to support the conviction for forgery by
making, and Point 5 asserts the evidence factually insufficient to support the conviction for forgery
by making. Specifically, Appellant contends the evidence does not show he was the actual maker
of the forged instrument as alleged in the indictment.
      The offense of forgery is committed in any one of three ways: (1) by making (for which
Appellant was indicted), (2) by passing or (3) by possessing with intent to pass.
      Appellant acknowledges that his name appears as the payee of the check, and acknowledges
that he endorsed the check and attempted to cash it. He admits that the videotape and evidence
show that he was the passer of the check—but contends the State adduced no evidence that he was
the maker of the check as alleged in the indictment.
      When reviewing the legal sufficiency of the evidence we must examine all the evidence to
determine if any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Criner v. State, 860 S.W.2d
84, 86 (Tex. Crim. App. 1992). In making this examination we view the evidence in the light
most favorable to the verdict. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). 
If there is any evidence that could establish guilt beyond a reasonable doubt, the conviction is not
subject to reversal. Anderson v. State, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.]
1994, no pet.).
      In reviewing the factual sufficiency of the evidence, we view all the evidence without the
prism “in the light most favorable to the prosecution.” Clewis v. State, 922 S.W.2d 120-129
(Tex. Crim. App. 1996). Thus the reviewing court may consider the testimony of defense
witnesses and any alternative hypothesis raised by the evidence. Clewis at 135. However, even
under a factual sufficiency review, the reviewing court is not authorized to substitute its judgment
for that of the factfinder. Clewis at 133. The reviewing court sets aside the verdict “only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
at 135.
      The State under the indictment had to prove beyond a reasonable doubt that Appellant was the
maker of the check. The convenience store owner testified that Appellant was the person who
presented the forged check to him and the store videotape shows Appellant in the store attempting
to cash the check. Appellant admits he endorsed the check which was made payable to him, but
contends he did not know the check was forged or was counterfeit, and that he received the check
to buy materials to build a fence.
      Officer Lynn testified that Appellant told him that Michael Davidson, Gilbert Gutierrez and
Appellant were in the public library together where they used a Xerox copy machine and a
typewriter to make the counterfeit checks.
       As it was entitled to, the jury disbelieved Appellant’s testimony and believed the testimony
of Officer Lynn. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Heiselbetz v.
State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).
      The evidence was both legally and factually sufficient to establish that Appellant was guilty
as charged in the indictment.
      Points 4 and 5 are overruled.
      Points 6 and 7 contend that the evidence is both legally and factually insufficient to sustain
Appellant’s burglary conviction. Appellant asserts “the evidence at best only shows that he was
merely present at the scene of the offense at the time of the burglary.”
      In the early morning hours of September 23, 1996, James Croson, owner of LaPlacita
restaurant, was contacted by his alarm system that his restaurant was being burglarized. By the
time Croson arrived the police has been there and gone. They had been called by Thomas Powell
who inadvertently happened upon the three men burglarizing the restaurant as he was returning
home from his girlfriend’s house. As he walked through the alley behind the restaurant he came
face to face with Appellant, whom he recognized by sight and who told him, “Don’t say nothing.”
      Croson upon his arrival found that the restaurant had been broken into through the freezer by
someone and that they had scattered food everywhere. Croson suffered at least a $1,500 loss. 
Croson and Powell had both seen Appellant loitering and panhandling near the restaurant on days
just prior to the burglary.
      Pursuant to an arrest warrant Appellant was arrested by Officer Lynn on the evening of
September 13, 1996. The officer advised Appellant of his rights and asked him about his
involvement in the burglary. Appellant told the officer that he knew all about the burglary, that
he was there during the time that Davidson and Gutierrez broke into the building. Thereafter
Appellant gave a written statement that Davidson and Gutierrez were acquaintances who made fake
checks and cashed them, and also were burglarizing and that they had tried to get him to cash
some of their checks.
      A person commits burglary of a building if the person enters a building without the owner’s
effective consent and with the intent to commit theft. Tex. Penal Code Ann. § 30.02 (a)(3). 
The evidence was that the building was broken into by Davidson and Gutierrez and that Appellant
was present and knew about it. Powell saw Appellant behind the building where Appellant said
to him, “Don’t say nothing.” Appellant admitted to being present during the burglary but
contends that Powell did not see him inside the building. The jury was authorized to believe that
Appellant had been in the building or was a lookout.
      Under the tests for the legal and factual sufficiency of the evidence, previously discussed, the
evidence is both legally and factually sufficient to sustain Appellant’s conviction for burglary of
a building. When viewed in its entirety and in the light most favorable to the verdict, a rational
jury could have found beyond a reasonable doubt that Appellant was guilty. Moreover, the guilty
verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.
      Points 6 and 7 are overruled. Both judgments are affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 16, 1999
Do not publish