

## NUMBER 13-19-00131-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE VB HARLINGEN HOLDINGS
### D/B/A VALLEY BAPTIST MEDICAL CENTER

### On Petition for Writ of Mandamus.

### MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Hinojosa
### Memorandum Opinion by Justice Benavides[1]

In this original proceeding, relator VB Harlingen Holdings d/b/a Valley Baptist Medical Center contends that the trial court abused its discretion by denying relator's motion for leave to designate a responsible third party. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. Because we conclude that relator failed to comply with its obligations to timely disclose that Dr. Noemi Infante might be designated as a responsible

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

third party under the civil practice and remedies code, we deny the petition for writ of mandamus. *See id.* § 33.004(d).

## I. BACKGROUND

This is an alleged medical malpractice claim brought by plaintiff Lynda Noble, individually and as next friend of Aaralynn Noble Hanline, a minor, against relator. On March 31, 2015, Lynda was admitted to the labor and delivery unit at the relator's hospital with gestational hypertension by her obstetrician, Dr. Infante. On April 2, 2015, Dr. Infante ordered Lynda transferred to the Mother–Baby unit for observation. On April 3, 2015, Lynda suffered a concealed placental abruption. Dr. Mitchell Hughston was on call for Dr. Infante and ordered Lynda transferred to the labor and delivery unit where he performed a cesarean section. Aaralynn suffered catastrophic brain damage.

On March 22, 2017, Lynda filed a medical malpractice case against relator. She alleged, inter alia, that the nurses working at relator's hospital were negligent. Her petition included requests for disclosure which were due "within 50 days of the service of this request." *See* TEX. R. CIV. P. 194.3 (providing that a defendant served with requests for disclosure before its answer is due "need not respond until 50 days after service of the request"). Relator was served with the lawsuit on April 3, 2017. Relator filed its answer to the lawsuit on or about April 24, 2017 and filed its responses to Lynda's requests for disclosure on or about September 6, 2017. Relator filed its first supplemental responses to the requests for disclosure on or about September 21, 2018. Neither the relator's original responses to the requests for disclosure nor its first supplemental responses identified any person who might be designated as a responsible third party. *See id.* R.

194.2(*l*) (allowing requests for disclosure seeking "the name, address, and telephone number of any person who may be designated as a responsible third party").

On November 20, 2018, relator filed a motion to designate Dr. Infante as a responsible third party. According to the scheduling order in place at this time, the deadline for the plaintiff and defendant to designate experts and provide reports had passed on August 21, 2018 and September 21, 2018, respectively, and the deadline for the joinder of parties had expired on October 22, 2018. Relator's motion for leave to designate Dr. Infante stated, in relevant part:

> . . . This is a healthcare liability claim. Plaintiffs allege nurses working at Valley Baptist Medical Center were negligent in their care of Lynda Noble from March 31, 2015 through April 3, 2015.
>
> On March 31, 2015, Ms. Noble was admitted to the Labor and Delivery Unit of Valley Baptist Medical Center by her OBGYN, Dr. Noemi Infante, for gestational hypertension. The Labor & Delivery Unit typically handles antepartum patients, including those at higher risk due to gestational hypertension. However, on April 2, 2015, Dr. Infante ordered that Ms. Noble be transferred to the Mother–Baby Unit for observation (the Mother–Baby Unit typically handles postpartum patients). Additionally, Dr. Infante ordered that while Ms. Noble was [in] the Mother–Baby Unit, a Non-Stress Test be performed daily to determine the fetal heart rate. These two orders were the sole decision of Dr. Infante. They were also allegedly negligent, according to Plaintiffs' experts.
>
> At some point on April 3, 2015, while on the Mother–Baby Unit, Ms. Noble experienced a concealed placental abruption. Ms. Noble was subsequently ordered to be transferred to the Labor & Delivery Unit by Dr. Hughston, who was on call for Dr. Infante. After Ms. Noble was transferred to the Labor & Delivery Unit, an emergency cesarean section was performed by Dr. Hughston. The baby, Aaralynn Noble Hanline, was born with catastrophic brain injuries.
>
> Plaintiffs' experts have opined Ms. Noble should have never been transferred to the Mother–Baby Unit. According to Plaintiff's experts, such decision was inappropriate and was an alleged proximate cause of Plaintiff's injuries.
>
> . . . .

3

Dr. Infante is a responsible third party because she caused or contributed to cause the alleged injuries for which Plaintiff seeks recovery of damages. Accordingly, Valley Baptist Medical Center seeks formal designation of Noemi Infante, M.D. as a responsible third party pursuant to Section 33.004 of the Texas Civil Practices and Remedies Code.

(Footnote omitted). Relator supported its motion to designate Dr. Infante with the expert report of Lindsay B. McDevitt, a registered nurse. McDevitt's report stated, in part, that:

Noble was not an appropriate candidate for transfer to the antepartum floor with severe preeclampsia and the nurses did not advocate for her in this matter. She was placed in a six patient to one nurse assignment which does not meet AWHONN[2] safe staffing guidelines for a patient receiving Magnesium Sulfate. She did not receive appropriate care due to this and treatment was delayed.

McDevitt's report did not identify Dr. Infante by name or otherwise indicate negligence on the part of any treating physicians. On this same date, relator identified Dr. Infante for the first time as a potentially responsible third party in its second supplemental responses to Lynda's requests for disclosure.

Lynda filed an objection to relator's motion for leave to designate a responsible third party. She objected to the motion as untimely "because the motion was filed after the limitations period expired against Dr. Noemi Infante, and defendant did not timely disclose that this person may be designated as a responsible third party." Lynda further objected that relator did not plead enough facts about Dr. Infante's alleged responsibility to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

Relator filed a response to Lynda's objection addressing both the timeliness of the designation and the sufficiency of its pleading. It argued that its motion for leave was timely because limitations had not run on Aaralynn's claims. Relator asserted that the

---

[2] AWHONN stands for the "Association of Women's Health, Obstetric and Neonatal Nurses."

4

minor child had until April 3, 2035 to file suit against Dr. Infante, citing Texas Civil Practice and Remedies Code § 74.251(a) and *Adams v. Gottwald*, 179 S.W.3d 101, 103 (Tex. App.—San Antonio 2005, pet. denied) (applying the open-courts provision of the Texas Constitution to § 74.251). Relator asserted that the designation of Dr. Infante as a responsible third party prior to the expiration of the limitations period for Lynda's claims was impossible because limitations as to her claims had expired on April 3, 2017, and Lynda's first expert report was not served on relator until April 27, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(s) (providing that discovery in a health care liability claim is generally stayed, with specified exceptions, until the claimant has served the required expert report and curriculum vitae). Relator also asserted that it was unaware of Dr. Infante's potential fault until it received the expert reports from Lynda's nursing experts, McDevitt and registered nurse Heidi M. Shinn, which were served on relator on August 20, 2018, in Lynda's first supplemental responses to requests for disclosure and designation of experts. Relator supported its response to Lynda's objection with McDevitt's report and the expert report prepared by Shinn. Shinn's report stated that "[i]n allowing transfer of this high-risk patient [from] the labor and delivery unit to the Mother–Baby Unit, the nurses breached the standard of care. Lynda Noble was not an appropriate candidate to leave a staffing ratio of 1:1 or 1:2 to a unit which self-reports as a ratio of 1:6." Shinn's report did not include any reference to Dr. Infante or any other physician. Relator asserted that:

> To be clear, Defendant is not saying Dr. Infante was negligent; however, Plaintiff's experts are offering and will offer evidence alleging that Dr. Infante was negligent. Based on the logic of Plaintiff's experts—but for Dr. Infante's allegedly improper order to transfer, the nurses would not have been allegedly negligent in their omission in not advocating against the transfer.

Lynda filed a sur-reply to the relator's response. She alleged, inter alia, that relator had sufficient information to make a timely designation insofar as it investigated the facts surrounding the incidents made the basis of the suit immediately after they occurred and took written statements from its nurses on April 6, 2015. She also asserted that she gave notice to relator on January 16, 2017 that she would be filing a medical malpractice claim. *See id.* § 74.051(c) ("Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties."). She further alleged that her expert reports did not identify Dr. Infante as a potentially responsible party and noted that the relator's own internal records indicated that Dr. Hughston, not Dr. Infante, had ordered daily non-stress tests.

On January 9, 2019, the trial court held a hearing on the relator's motion to designate Dr. Infante as a responsible third party and ultimately denied the relator's motion to designate by order signed on January 10, 2019. The trial court's order does not specify the rationale for its decision. Minor child Aaralynn subsequently passed away on February 18, 2019.

This original proceeding ensued on March 29, 2019. By two issues, relator contends that: (1) the trial court's denial of relator's motion for leave to designate responsible third party, without opportunity to replead, was a clear abuse of discretion; and (2) relator lacks an adequate remedy of law. Relator argues that:

> This is a simple case where the trial court clearly abused its discretion in denying Defendant's Motion for Leave to Designate Responsible Third Party. The trial court, although not providing [an] explanation for its ruling, presumably based its decision on the Plaintiff's statute of limitations argument. However, the statute of limitations for Plaintiff Aaralynn Noble Hanline, as a minor, for potential claims against Noemi Infante, M.D., has

6

not yet expired—making Defendant's designation timely per TEX. CIV. PRAC. & REM. CODE § 33.004(d).  Because the statute of limitations as to the minor Plaintiff's claims has not run, this is a clear abuse of discretion.  As to Plaintiff Lynda Noble's statute of limitations for potential claims against Noemi Infante, M.D., as an individual, it was impossible for Defendant to disclose Dr. Infante as a responsible third party prior to the statute of limitations expiring because the suit was served on Defendant the same day the statute of limitations expired.  Case law is absolute that, in a situation such as this, when a plaintiff files suit on the eve of limitations, Defendant cannot be obligated under § 33.004(d) to somehow designate a responsible third party prior to statute of limitations expiring.  Further, even if the trial court based its decision [on] an erroneous finding that Defendant pled insufficient facts, Defendant was not granted leave to replead as required by § 33.004(g).

This Court requested and received a response to the petition for writ of mandamus from Lynda.  She asserts that relator began investigating the facts surrounding this case on April 6, 2015, when it began taking statements from the nurses involved in caring for the plaintiff.  She also asserts that relator received notice of her lawsuit on January 19, 2017, and the statute of limitations did not expire for her individual claims until June 17, 2017, not April 3, 2017, because she received the 75-day extension authorized by the medical liability act.  *See id.* § 74.051(a), (c).  She contends that the statute of limitations for Aaralynn's claims ran on June 17, 2017, in accordance with § 74.251(c), because Aaralynn died as a result of relator's negligence on February 18, 2019.  She further alleges, inter alia, that there was no evidence supporting relator's designation of Dr. Infante because nurses McDevitt and Shinn cannot provide expert testimony regarding the negligence of a doctor.  Lynda vehemently asserts that Dr. Infante was not responsible for the damages at issue.[3]

---

[3] Lynda's response to the petition for writ of mandamus includes materials which were not presented to the trial court, including an April 30, 2019 expert report by an obstetrician, Dr. Steven H. Eisinger, stating that Dr. Infante was not negligent.  We do not consider materials that were not submitted to the trial court in our mandamus review.  *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 8 n.6 (Tex. App.—

7

## II. Standard for Mandamus Review

To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Under this standard of review, we defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010)

---

Corpus Christi–Edinburg 2011, orig. proceeding); *In re Nabors*, 276 S.W.3d 190, 194 n.5 (Tex. App.— Houston [14th Dist.] 2009, orig. proceeding).

(orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

The Texas Supreme Court has held that mandamus may be appropriate to review an order denying a defendant's motion to designate a responsible third party. *In re Coppola*, 535 S.W.3d 506, 507–09 (Tex. 2017) (orig. proceeding) (per curiam); *see In re Dawson*, 550 S.W.3d 625, 627 (Tex. 2018) (orig. proceeding) (per curiam). This is because allowing a case to proceed to trial despite the erroneous denial of a responsible-third-party designation would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record. *In re Coppola*, 535 S.W.3d at 509. Accordingly, the relator ordinarily need only establish that the trial court abused its discretion in denying a timely filed motion to designate a responsible third party to demonstrate entitlement to mandamus relief. *Id*. at 510; *see In re Dawson*, 550 S.W.3d at 630.

### III. THIRD PARTY RESPONSIBILITY

The Texas proportionate responsibility statute provides a framework for apportioning percentages of responsibility in the calculation of damages for any cause of action based on tort in which more than one person or entity, including the plaintiff, is alleged to have caused or contributed to causing the harm for which the recovery of damages is sought. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.002(a)(1), 33.003; *see also In re Manon*, No. 04-18-00311-CV, 2018 WL 2943562, at *2 (Tex. App.—San Antonio June 13, 2018, orig. proceeding) (mem. op.). In accordance with this framework, the Texas Civil Practice and Remedies Code permits defendants to designate responsible third parties, which it defines as persons who are "alleged to have caused or contributed

9

to causing in any way the harm for which recovery of damages is sought," whether by (1) negligent act or omission, (2) any defective or unreasonably dangerous product, (3) by other conduct or activity that violates an applicable legal standard, or (4) by any combination of these. TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6); *see also id.* § 33.004(a); *Galbraith Eng'g Consultants, Inc., v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009).

A defendant may designate a person as a responsible third party by filing a motion for leave to designate with the trial court. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). A motion for leave to designate "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.*; *In re Bustamante*, 510 S.W.3d 732, 735 (Tex. App.—San Antonio 2016, orig. proceeding). A defendant may not designate a person as a responsible third party after the applicable limitations period has expired with respect to that person "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d).

The trial court "shall" grant leave to designate the named person as a responsible third party unless another party files an objection on or before the fifteenth day after service of the motion and the objecting party establishes that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." *Id.* § 33.004(f), (g)(1). The standard for designating a potentially responsible third party is fair notice pleading under the Texas Rules of Civil Procedure. *In re Bustamante*, 510 S.W.3d at 737; *In re CVR Energy, Inc.*,

10

500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *see also In re Manon*, 2018 WL 2943562, at *3 (stating that the pleading requirements for designating a responsible third party "are not stringent"); *In re Greyhound Lines, Inc.*, No. 05–13–01646–CV, 2014 WL 1022329, at *2 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.) (same).

A pleading is sufficient when "an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see* TEX. R. CIV. P. 47(a); *In re Bustamante*, 510 S.W.3d at 737; *In re CVR Energy, Inc.*, 500 S.W.3d at 80. In determining whether to grant a motion for leave to designate, the trial court is "restricted to evaluating the sufficiency of the facts" pleaded by the movant and is "not permitted to engage in an analysis of the truth of the allegations or consider evidence on [the third party's] ultimate liability." *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *see also In re Manon*, 2018 WL 2943562, at *3; *In re Lewis Casing Crews, Inc.*, No. 11-14-00137-CV, 2014 WL 3398170, at *2 (Tex. App.—Eastland July 10, 2014, orig. proceeding) (mem. op.); *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *2.

If a pleading regarding designation of a responsible third party is deficient, the trial court lacks discretion to deny the motion to designate without affording the movant an opportunity to replead. *In re Coppola*, 535 S.W.3d at 508; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g); *In re Smith*, 366 S.W.3d 282, 288 (Tex. App.—Dallas 2012, orig. proceeding); *see also In re Manon*, 2018 WL 2943562, at *4. The movant need not make a specific request for time to replead. *In re Smith*, 366 S.W.3d at 288; *see also In re*

*Manon*, 2018 WL 2943562, at *4. Further, "section 33.004 does not contain a futility exception to its rule that the movant must be given an opportunity to replead." *In re Smith*, 366 S.W.3d at 286. Thus, the objecting party bears the burden of showing that the designating party was given leave to replead before the trial court has discretion to deny the motion for leave to designate. *Id.* at 287; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g)(2).

Finally, a party is entitled to challenge the sufficiency of evidence supporting the designation of a responsible third party after "adequate" time for discovery:

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*); *see Flack v. Hanke*, 334 S.W.3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied); *see also In re Transit Mix Concrete & Materials Co.*, No. 12-13-00364-CV, 2014 WL 1922724, at *3 (Tex. App.—Tyler May 14, 2014, orig. proceeding) (mem. op.).

## IV. ANALYSIS

This original proceeding presents two basic issues: the timeliness of relator's designation of Dr. Infante regarding the expiration of the statute of limitations and the sufficiency of the relator's designation in terms of the sufficiency of its pleading. Because we consider it to be dispositive, we first address the parties' arguments regarding the timeliness of the designation.

12

As noted, a defendant may not designate a person as a responsible third party after the statute of limitations has expired if the defendant failed to "comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). The timeliness limitation on a defendant's ability to designate responsible third parties is a procedural safeguard designed to prevent a defendant from "'belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery.'" *In re Bustamante*, 510 S.W.3d at 736 (quoting *In re CVR Energy, Inc.*, 500 S.W.3d at 73).

The civil practice and remedies code does not define the term "timely" in this context. *In re Bustamante*, 510 S.W.3d at 736. In short, however, § 33.004(d) requires a defendant to disclose a potential responsible third party before the expiration of the statute of limitations "if that is possible." *Id.* In this regard, Rule 194.2 of the Texas Rules of Civil Procedure obligates a party, upon request, to disclose "the name, address, and telephone number of any person who may be designated as a responsible third party." TEX. R. CIV. P. 194.2(l). The disclosure must be complete and must be "based on all information reasonably available" to the party at the time. TEX. R. CIV. P. 193.1; *see In re CVR Energy, Inc.*, 500 S.W.3d at 74.

The Texas Supreme Court recently granted mandamus relief when the trial court allowed a defendant to designate a responsible third party after the expiration of limitations when the defendant's initial discovery responses were not adequate to notify the plaintiff that it might designate a responsible third party. *See In re Dawson*, 550 S.W.3d at 628–30. In so ruling, the court stated:

13

> The rules require parties to timely respond to written discovery with "a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made." [TEX. R. CIV. P.] 193.1. The rules also require a party to supplement a response when it learns the response "was incomplete or incorrect when made" or has become so since it was made. *Id.* 193.5(a). And the rules don't allow a party to drag its feet—the supplemental or amended response must be provided "reasonably promptly after the party discovers the necessity for such a response." *Id.* 193.5(b).

*Id.* at 629–30. With these tenets in mind, we turn to the facts of this case.

Section 74.251 provides the statute of limitations for a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). This section requires the cause to be filed "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim" is completed; provided that "minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim." *Id.* Disregarding any impact that Aaralynn's death may have on our analysis because it occurred after the trial court ruled on the motion to designate, the statute of limitations had not expired as to Aaralynn's claims at the time relator filed its motion to designate Dr. Infante.[4] However, utilizing the 75-day extension period provided by civil practice and remedies code § 74.051(a),(c), limitations expired as to Lynda's claims on June 17, 2017, well before relator filed its motion to designate Dr. Infante. So, the statute of limitations had expired as to one plaintiff, Lynda, but not as to the other plaintiff, minor Aaralynn, when relator filed its motion to designate Dr. Infante as a responsible third party.

---

[4] Section 74.251(a)'s tolling provision for minors under age 12 does not apply to an adult's wrongful-death claim based on the death of a minor under 12 years of age. *See Baptist Mem'l Hosp. Sys. v. Arredondo*, 922 S.W.2d 120, 121 (Tex. 1996) (per curiam) (interpreting former § 10.01); *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 490 (Tex. App.—Dallas 2016, pet. denied).

14

We determine whether relator failed to comply with its obligations, if any, to timely disclose that Dr. Infante might be designated as a responsible third party as to Lynda's claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). Here, the alleged date of malpractice is April 3, 2015. The lawsuit, including requests for disclosure requiring a response within 50 days of service, was filed on March 22, 2017, and relator was served with the lawsuit on April 4, 2017. *See* TEX. R. CIV. P. 194.3. Relator filed its answer to the lawsuit on or about April 24, 2017. According to the 50-day deadline for relator to file its responses to Lynda's requests for disclosure, the relator's responses to the requests for disclosure were due on May 24, 2017, prior to the expiration of the limitations period on June 17, 2017, but relator did not file its responses until on or about September 6, 2017. The parties do not address the discrepancy between when the responses to requests for disclosure were ostensibly due and when they were filed. Relator did not file the motion for leave to designate Dr. Infante until November 20, 2018, fourteen months after filing its initial responses to the requests for disclosure. Relator filed its motion for leave to designate well past the deadline in the trial court's scheduling order for the designation of experts and the provision of expert reports, and past the deadline for completion of discovery.

Relator explains this delay by claiming that Lynda's expert nursing reports, served on relator on August 18, 2018, provided its initial indication that Dr. Infante was a potentially responsible third party and that it had no idea that she might have been negligent prior to reviewing these reports. It strains credulity to posit that relator was wholly unaware, prior to its review of these reports, that Lynda's treating physician might be a potentially responsible third party in a suit arising from alleged medical malpractice

15

at its own hospital. Moreover, and significantly, the nursing reports at issue do not mention Dr. Infante or otherwise discuss any alleged negligence on the part of a physician. In fact, neither Lynda nor relator contend that Dr. Infante was negligent. Relator even advised the trial court that, "[t]o be clear, [relator] is not saying Dr. Infante was negligent." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (defining a responsible third party as one "who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought"). And finally, relator waited three additional months after receiving these reports on August 20, 2018 before filing its motion for leave to designate Dr. Infante on November 20, 2018.

The sequence of events here is replete with delay. It seems clear that relator's responses to the requests for disclosure regarding the designation of a responsible third party were not complete and "based on all information reasonably available" at the time. TEX. R. CIV. P. 193.1; *see In re Dawson*, 550 S.W.3d at 628–30; *In re CVR Energy, Inc.*, 500 S.W.3d at 74. Accordingly, we conclude that the trial court did not abuse its discretion denying relator's motion for leave to designate Dr. Infante after the statute of limitations had expired as to Lynda's claims because relator failed to "comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). Having so concluded, we need not address the sufficiency of relator's pleadings concerning the alleged responsibility of Dr. Infante. *See* TEX. R. APP. P. 47.4.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the relator has not met its

16

burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus.

GINA M. BENAVIDES,
Justice

Delivered and filed the
27th day of June, 2019.